**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4104**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

DARRIAN JARRELL ABBOTT,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:13-cr-00426-CCE-1)

Submitted: September 30, 2016      Decided: October 28, 2016

Before MOTZ, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Robert A.J. Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darrian Jarrell Abbott appeals from his 84-month sentence imposed after a remand for resentencing. Abbott had originally been sentenced to 15 years in prison, after a finding that he qualified as an armed career criminal. The sentence was imposed to run partially concurrently with his state sentence. In Abbott's prior appeal, we vacated his sentence based on the finding that one of the predicates used to support the armed career criminal enhancement was no longer a proper predicate after Johnson v. United States, 135 S. Ct. 2551 (2015). On remand, the district court recalculated Abbott's Guidelines range without the armed career criminal enhancement and imposed an 84-month sentence consecutive to his state sentence. Abbott timely appealed.

Abbott now contends that his new sentence is procedurally and substantively unreasonable. We review a sentence imposed by a district court under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In reviewing a sentence, we must first ensure that the district court committed no procedural error, such as failing to calculate or improperly calculating the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the

2

chosen sentence. Gall, 551 U.S. at 51. If there are no procedural errors, we then consider the substantive reasonableness of the sentence. Id. A substantive reasonableness review entails taking into account the totality of the circumstances. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quotations and citation omitted). A sentence within the correctly calculated Guidelines range is presumptively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). Such a presumption can only be rebutted by a showing that the sentence is unreasonable when measured against the § 3553(a) factors. Id.

"When rendering a sentence, the district court must make an individualized assessment based on the facts presented." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks omitted). Accordingly, a sentencing court must apply the relevant § 3553(a) factors to the particular facts presented and must "state in open court" the particular reasons that support its chosen sentence. Id. (internal quotation marks omitted). Stating in open court the particular reasons for a chosen sentence requires the district court to set forth enough to satisfy this court that the district court has a reasoned basis for its decision and has considered the parties' arguments. Id. Carter, though, does not require a sentencing

court to "robotically tick through" otherwise irrelevant subsections of § 3553(a). Id. at 329 (quoting United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006)).

Under U.S. Sentencing Guidelines Manual § 5G1.3(c) (2013), in any case involving an undischarged term of imprisonment, "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." In reaching its decision, the court should consider the § 3553(a) sentencing factors, the type and length of the undischarged sentences, the time served and the time likely to be served on the undischarged sentences, whether the undischarged sentence was imposed in state court or federal court, and any other circumstances relevant to the determination. See USSG § 5G1.3 (comment. n.3(A)).

Abbott first contends that the district court provided an insufficient explanation for running the sentence consecutively to his state sentence. However, the court noted the reduced length of Abbott's Guidelines range on resentencing, the unrelated nature of the state conviction, and Abbott's lengthy and violent criminal history. The court also considered Abbott's previous lengthy incarceration and the failure of that sentence to deter him from the instant conduct. The court further heard from Abbott regarding certain potentially

4

mitigating factors and explicitly stated that it considered the fact that Abbott pled only to possession of ammunition and that that no other illegal conduct was happening at the time. We find that the court set forth sufficient reasoning supporting the within-Guidelines sentence and the decision to run the sentence consecutively to Abbott's state sentence.

Turning to the substantive reasonableness of Abbott's sentence, he argues that his mitigating arguments sufficiently rebutted the presumptive reasonableness of the within-Guidelines sentence. We conclude there was no abuse of discretion because the district court considered the arguments by both parties and rationally found that a consecutive sentence was appropriate. While the court might have imposed a lower or concurrent sentence given the mitigating circumstances cited by Abbott, the mere fact that the court did not consider the mitigating circumstances worthy of a reduction does not render a sentence unreasonable. Because there is a range of permissible outcomes for any given case, we must resist the temptation to "pick and choose" among possible sentences and rather must "defer to the district court's judgment so long as it falls within the realm of these rationally available choices." United States v. McComb, 519 F.3d 1049, 1053 (10th Cir. 2007); see also United States v. Carter, 538 F.3d 784, 790 (7th Cir. 2008) (noting

5

substantive reasonableness "contemplates a range, not a point" (internal quotation marks omitted)).

Accordingly, we affirm Abbott's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED